IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STAN E. CRAFTON, | ) ) | Case No. CV-04-383-E-BLW |
| Plaintiff, | ) ) ) | **MEMORANDUM DECISION AND ORDER** |
| v. | ) ) | |
| BLAINE LARSEN FARMS, INC., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it Plaintiff's Motion for Summary Judgment/Partial Summary Judgment (Docket No. 44), Defendant's Motion to Amend Admissions (Docket No. 60), and Defendant's Motion for Summary Judgment (Docket No. 63).  The Court held oral argument on the motions on October 27, 2005, and now issues the following Memorandum Decision and Order.

## BACKGROUND

In May, 2003, Plaintiff Stan Crafton entered into a five-year employment contract with Defendant Blain Larsen Farms ("BLF").  Under the terms of the

**Memorandum Decision and Order - 1**

contract, Crafton was promoted to CEO of BLF on October 15, 2003.[1]  In

December, 2003, Brandon Larsen and BLF's Executive Committee advised

Crafton that he had the option of either remaining with BLF in a sales position

without a reduction of salary, or retaining the title of President for three months

while he looked for another job.  Crafton left his employment with BLF at that

time.

## ANALYSIS

### Motion to Amend Admissions

On December 6, 2004, Crafton served BLF with Plaintiff's Requests for

Admissions.  BLF served its verified responses to the requests on December 11,

2004.  BLF now seeks to amend its responses to Request Nos. Seven and Eight.

Any matter admitted under Rule 36 is conclusively established unless the

court on motion permits withdrawal or amendment of the admission.  Fed. R. Civ.

P. 36(b).  The rule provides the following two-part test under that a district court

has discretion to permit withdrawal or amendment of the admissions: (1)

presentation of the merits of the action must be subserved, and (2) the party who

obtained the admission must not be prejudiced by the withdrawal.  *See Sonoda v.*

---

[1] There appears to be some discrepancy over whether Crafton was promoted to CEO, President or both.  However, for purposes of the motions now before the Court, it only matters that Crafton held at least one of these positions, which both parties agree was the case.

**Memorandum Decision and Order - 2**

*Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001).  The test is an equitable one, balancing the right to a full trial on the merits with the parties' justified reliance on pre-trial procedures and the finality of issues deemed no longer in dispute.  *See Tower Partners, L.L.C. v. Beaver Creek Co.*, 1996 WL 578517 * 2 (E.D.N.C.). The discretion should not be exercised in terms of the admitting parties' excuses, but in terms of the effect upon the litigation and prejudice to the resisting party. *See Mid Valley Bank v. North Valley Bank*, 764 F.Supp. 1377, 1391 (E.D.Cal. 1991).

The first prong of the test essentially asks whether allowing withdrawal or amendment of an admissions will aid in the resolution of the case on the merits. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002).  Courts have held that "the first half of the test in Rule 36(b) is satisfied when up-holding the admissions would practically eliminate any presentation of the merits of the case."  *Hadley v. U.S.*, 45 F.3d 1345, 1348 (9th Cir. 1995); *see also Ropfogel v. U.S.*, 138 F.R.D. 579, 583 (D.Kan. 1991) (court must look at whether the effect of upholding the admissions would be practically to eliminate any presentation of the merits of the case).

Allowing BLF to amend its admissions will not aid in the resolution of this case on the merits.  The difference between BLF's original answers and its

**Memorandum Decision and Order - 3**

proposed amended answers is one without legal distinction.  BLF's original

responses admit that Crafton was removed as President of BLF pursuant to BLF

Executive Committee action on December 15, 2003.  The proposed amended

responses admit that the BLF Executive Committee offered Crafton a sales position

without a reduction of salary, or alternatively, to retain the title of president for

three months to assist him in securing other employment.

Although there are no Idaho cases expressly recognizing that an employer

may breach an employment contract by constructively discharging an employee,

many other jurisdictions have done so.  *See e.g. Brock v. Mutual Reports, Inc.*, 397

A.2d 149, 152 (D.C.App. 1979); *Sanders v. May Broadcasting Co.*, 336 N.W.2d

92, 95 (Neb. 1983); *Long v. Lockheed Missiles and Space Co., Inc.*, 783 F.Supp.

249, 252 (D.S.C. 1992); *Leopoldstadt, Inc. v. Fitzgerald*, 1992 WL 396330, *5

(D.Kan. 1992); *Yoon v. Fordham University Faculty and Administration*

*Retirement Plan*, 2004 WL 3019500, *5 (S.D.N.Y. 2004).  These courts have all

determined that when an employee contracts to fill a particular position, any

material change in duties or significant reduction in rank constitutes a constructive

discharge, which, if unjustified, is a breach of contract.  *See id*.  This Court

believes that Idaho courts would agree with this principle.

In this case, Crafton contracted to be the President and/or CEO of BLF.

**Memorandum Decision and Order - 4**

Thus, Defendant's admission that the Executive Committee offered Crafton a choice between a sales position or a figurehead position is an admission that the Executive Committee discharged Crafton as President and/or CEO of the company. Thus, the Court can reach the conclusion that Crafton was discharged regardless of which admissions are used.

Additionally, holding BLF to its original admissions does not effectively eliminate any presentation of the merits of the case. As discussed below, whether BLF discharged Crafton as President/CEO for good cause, the crux of this case, must still be presented to a jury in this matter. Accordingly, allowing BLF to amend its admissions will not subserve resolution of the matter on the merits, and the Court will deny the motion to amend.[2]

### Cross Motions for Summary Judgment

The parties each seek summary judgment or partial summary judgment in

_____

[2] Because allowing amendment of the admissions will not subserve presentation of the merits of the action, the Court need not address the second prong of the test. However, the Court will note that it appears that the second prong is met in this case. Courts have held that the fact that a party has prepared a summary judgment motion based upon erroneous admissions is not sufficient prejudice. *See FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). Instead, the prejudice contemplated by Rule 36(b) relates to the difficulty a party may face in proving its case, including problems associated with the unavailability of key witnesses and the sudden need to obtain evidence with respect to the questions previously deemed admitted. *See Gallegos v. City of Los Angeles*, 308 F.3d 987, 993 (9th Cir. 2002). Moreover, courts are more likely to find prejudice when the motion to withdraw or amend admissions is filed in the middle of trial, not well in advance of trial. *See Hadley v. U.S.*, 45 F.3d 1345 (9th Cir. 1995). In this case, Crafton does not face these types of prejudices.

**Memorandum Decision and Order - 5**

this matter.  Crafton seeks a determination that BLF terminated Crafton and that

his termination was a breach of the employment contract.  Alternatively, Crafton

seeks a determination that if BLF did not breach the employment contract, Crafton

is entitled to severance benefits under the contract.  BLF seeks a determination that

it did not breach the employment contract, and that it is entitled to judgment as a

matter of law.  Alternatively, BLF seeks summery judgment dismissing Crafton's

claims for damages above and beyond the severance benefits under the contract.

In this contract dispute, this Court, sitting in diversity, must apply the

substantive law of Idaho.  *See Northwest Acceptance Corp. v. Lynnwood Equip.,*

*Inc.*, 841 F.2d 918, 920 (9th Cir. 1988).  For the reasons below, the Court will deny

BLF's motion, and will grant in part and deny in part Crafton's motion.

### A.      Crafton's Discharge as President/CEO

There is no dispute that Crafton had a five-year employment contract with

BLF commencing in May, 2003.  When an employee and employer enter into an

employment contract for a term, the employer can discharge the employee prior to

expiration of the term only if the employee has breached some contractual

provision or has otherwise acted in a manner constituting "good cause" for his

dismissal.  *See Rosecrans v. Intermountain Soap and Chemical* Co., 605 P.2d 963,

965 (Idaho 1980).  "Generally, when there exists a conflict with respect to the

circumstances surrounding the employee's discharge, the existence of good cause is an issue for the trier of fact." *Id*.

As noted above, and as admitted in BLF's responses to Crafton's requests for admissions, BLF's Executive Committee discharged Crafton as President/CEO of BLF in December, 2003.  BLF contends, however, that it had good cause to discharge Crafton because Crafton failed to manage cash flow problems, failed to utilize marketing opportunities, failed to reject an unacceptable loan document, and lacked leadership.  Crafton disagrees.  These are conflicting factual determinations which must be determined by the trier of fact.  *See Rosecrans*, 605 P.2d at 965.

Accordingly, the Court will grant summary judgment as to the determination that BLF discharged Crafton, but will deny summary judgment as to whether BLF breached the contract by discharging Crafton without good cause.

**B.     Damages**

BLF contends that even if it discharged Crafton, the extent of Crafton's damages is limited to the severance package outlined in the employment contract. Crafton counters that he is only limited to severance damages if the Court determines that he was terminated for good cause.  Otherwise, Crafton contends, he is entitled to damages for breach of contract.

"[I]f parties to a contract have provided the measure of damages to be

recoverable for breach of the duties imposed by the contract, they are bound by such provision and liability thereunder is restricted to the terms of the contract." *Idaho State University v. Mitchell*, 552 P.2nd 776, 779 (Idaho 1976). Such provisions are upheld even where the effect is to limit a party's common law liability for breach of contract. *Id.*

However, the Court can only limit the measure of damages if the provision is clear and unambiguous. Where contract terms are unambiguous and the parties' intent is clear from the contract language, the interpretation and legal effect of the contract are to be resolved by the court as a matter of law. *See First Security Bank of Idaho v. Murphy*, 964 P.2d 654, 658 (Idaho 1998). However, interpretation of an ambiguous contract is a question of fact. *Id.* A contract is ambiguous if the provisions of the contract are reasonably susceptible to conflicting interpretations. *Id.* A court must construe a contract as a whole and give meaning to all provisions of the writing to the extent possible. *See Selkirk Seed Co. v. State Insurance Fund*, 18 P.3d 956, 959 (Idaho 2000).

The entire employment contract in this case consists of one page, in letter form, signed by Blaine Larsen and Stan Crafton. The details of the contract are listed as a number of bullet points. The severance package is listed as one of three sub-points under the bullet point entitled "Stay-on bonus package." It states in

**Memorandum Decision and Order - 8**

relevant part as follows:

> Severance package if Blaine Larsen Farms Board of
> Directors terminates your employment
>
> - One year full salary
>
> - Half of year's salary in the second year after termination
>
> - Quarter year's salary in the third year after termination

(Crafton Aff., Ex. A).

Nowhere does the contract unambiguously state that the severance package is the exclusive remedy available to Crafton if he is terminated. Nor does the contract specify whether the severance package is available regardless of whether the termination is or is not for cause. One could reasonably interpret the language either way. Thus, the Court finds that the contract is ambiguous as to whether it limits Crafton's damages to the severance benefits, or what circumstances entitle Crafton to those benefits. Accordingly, the issue must be left to a jury. *See First Security Bank of Idaho*, 964 P.2d at 658.

**Memorandum Decision and Order - 9**

## ORDER

Based on the above Memorandum Decision,

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment/Partial Summary Judgment (Docket No. 44), shall be, and the same is hereby, GRANTED in part and DENIED in part.  The Court grants the motion to the extent that it finds that BLF discharged Crafton.  The Court denies the motion as to whether BLF breached the employment contract by discharging Crafton without good cause.

IT IS FURTHER ORDERED that Defendant's Motion to Amend Admissions (Docket No. 60), shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Docket No. 63) shall be, and the same is hereby, DENIED.

DATED:  **November 18, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 10**