IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STAN E. CRAFTON,            )<br>                                          )<br>            Plaintiff,          )<br>                                          )<br>     v.                              )<br>                                          )<br>BLAINE LARSEN FARMS, INC.,  )<br>                                          )<br>            Defendant.       )<br>_____ ) | Case No.  CV-04-383-E-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

The Court has before it Plaintiff's Motion in Limine for Exclusion of Witnesses and Exhibits (Docket No. 99), Plaintiff's Supplemental Motion in Limine for Exclusion of Witnesses and Exhibits (Docket No. 104), Plaintiff's Second Motion in Limine (Docket No. 121), Plaintiff's Supplemental Motion in Limine (Docket No. 125), and Plaintiff's Second Supplemental Motion in Limine (Docket No. 128).

## ANALYSIS

### I.     Overview of Disclosure Rules

Rule 26(a)(1) requires the parties to disclose the identity of "each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . ."  The Rule also requires the parties to disclose "a copy

**Memorandum Decision and Order - 1**

of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses. . . ." Pursuant to Rule 26(f), this disclosure must occur "at least 21 days before a scheduling conference is held" unless otherwise ordered.

The parties are under a continuing duty to supplement these disclosures under Rule 26(e) if they learn that (1) their initial disclosures are "incomplete or incorrect," and (2) "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." This latter phrase is not satisfied simply because the parties might know the identity of a person. The phrase "additional or corrective information" refers back to Rule 26(a)(1), and means that the parties must know not only the identity of the person but also that he is "likely to have discoverable information that the disclosing party may use to support its claims or defenses." In other words, the proffering party may be absolved of its duty to file a supplemental disclosure under Rule 26(e) identifying a certain person only if the other parties have learned through other means that the person might have discoverable information regarding the proffering party's claims or defenses.

As trial approaches, the parties must then choose their trial witnesses and

**Memorandum Decision and Order - 2**

exhibits from this list of persons and documents they have disclosed pursuant to Rule 26. The deadlines for these witness and exhibit disclosures are governed either by Rule 26(a)(3) or an order of the court.

Failure to follow the dictates of Rule 26 could result in sanctions under Rule 37(c)(1) unless the proffering party can show that it had a substantial justification for its failure, or that its failure is harmless. *See Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Sanctions include the exclusion of the witness and/or exhibits.

## II.     Decision Tree

These Rules therefore contemplate a five-step "decision tree" for resolving whether witness designations are timely: (1) Was the person identified in the Rule 26(f) initial disclosures? (2) If not, was the person identified in a supplemental disclosure pursuant to Rule 26(e)? (3) If not, has the person and his connection to the claims or defenses of the proffering party "otherwise been made known to the other parties during the discovery process or in writing" thereby excusing the failure to supplement under Rule 26(e)? (4) If not, has the proffering party shown that its failure was substantially justified to avoid Rule 37 sanctions? (5) If not, has the proffering party shown that its failure was harmless to avoid Rule 37 sanctions? The same decision tree applies to exhibits.

**Memorandum Decision and Order - 3**

## III.     Witnesses Bradshaw, Peterson, Buck and Oberhansley

Witnesses Alan Bradshaw, Blake Peterson, Kerry Buck and Aaron Oberhansley were listed in Defendant Blaine Larsen Farms, Inc.'s ("BLF") initial disclosures.  Under the "decision tree" analysis set forth above, this disclosure answers the first question in the affirmative.  However, Crafton asserts that the disclosures were inadequate because BLF failed to disclose addresses, telephone numbers, and in one case, identified the witness by the wrong first name.  BLF responds by stating that with respect to Bradshaw and Peterson, BLF listed their positions at BLF in lieu of addresses and telephone numbers, suggesting that as employees of BLF, Bradshaw and Peterson could and should be contacted through BLF counsel.  With respect to Buck, BLF stated that her address was "unknown," and with respect to Oberhansley, BLF stated that his address was "Las Vegas, NV."  Additionally, although Mr. Oberhansley's first name was initially incorrectly identified, the issue resolved itself during the deposition of Brandon Larsen.

The Court finds that BLF sufficiently identified these four witnesses for purposes of Rule 26(a).  Bradshaw and Peterson were identified as employees of BLF and Crafton could have contacted them through BLF counsel based on the information given in BLF's initial disclosures.  As for Buck and Oberhansley, BLF

**Memorandum Decision and Order - 4**

identified the contact information known to BLF, or stated that such information was unknown, which is all that is required by the rule.[1]

Aside from the initial disclosure argument, Crafton also contends that Bradshaw, Peterson, Buck and Oberhansley should be excluded from testifying, or their testimony should be limited, because BLF did not disclose a summary of their potential testimony in response to Crafton's interrogatories until March 9, 2006. The specific interrogatory, Interrogatory No. 3, asked BLF to identify each witness BLF intends to call at trial and identify the facts to which the witness will testify. Crafton never filed a motion to compel further responses to his interrogatories.

In addition to disclosing Bradshaw, Peterson, Buck and Oberhansley in its initial disclosures, BLF stated in its initial response to Crafton's Interrogatory No. 3 that it had not yet determined what, if any, witnesses it would call at trial. However, BLF did state that it anticipated that some, or all, of the individuals listed in response to Interrogatory No. 5 would be called to testify. (See Docket No. 99, Ex. A). That list included only eight individuals, including Bradshaw, Peterson, Buck and Oberhansley.

---

[1] It is unclear as to when BLF obtained the contact information for Buck and Oberhansley, or how soon thereafter BLF supplemented its initial disclosures by updating the contact information. However, Crafton has not asserted that he tried, but could not locate Buck or Oberhansley, or that he was prevented from contacting them, so there is likely no prejudice anyway.

**Memorandum Decision and Order - 5**

BLF also suggests that the expected testimony of Bradshaw, Peterson, Buck and Oberhansley was otherwise made known to Crafton during the depositions of Clark, Brandon Larsen and Blaine Larsen, three of the other four witnesses listed in the initial response to Interrogatory No. 5.[2]  The Court has reviewed the deposition transcript excerpts that BLF claims support its contention.  It appears that the testimony given in those depositions identifies some, but not the full extent, of the potential testimony BLF now asserts Bradshaw, Peterson, Buck and Oberhansley will testify to at trial.

Rule 26(e)(2) states that "[a] party is under a duty seasonably to amend a prior response to an interrogatory . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  This duty does not, however, require a party to make a premature decision on which witnesses it will call to testify just because the opposing party asks the question.  Under this Court's Order, the parties are not required to exchange witness lists, including summaries, until one week before trial.  (See Docket No. 95).

Under these circumstances, given the fact that (1) Bradshaw, Peterson, Buck

---

[2] The eighth and final witness listed was the Plaintiff, Stan Crafton.

**Memorandum Decision and Order - 6**

and Oberhansley were listed by BLF in its initial disclosures, (2) Bradshaw, Peterson, Buck and Oberhansley were listed as potential witnesses in BLF's original responses to Crafton's interrogatories, (3) Crafton never filed a motion to compel, and (4) BLF disclosed its witness list, which included Bradshaw, Peterson, Buck and Oberhansley, and summaries of their proposed testimony, at least one week before trial, the Court will deny the motion to exclude Bradshaw, Peterson, Buck and Oberhansley from testifying at trial.

### IV.     Witnesses Nieman and Gehmlich and the Financial Documents

Witnesses Nieman and Gehmlich and the financial documents were not listed in BLF's initial disclosures. Under the "decision tree" analysis set forth above, this disclosure answers the first question in the negative, leading the Court to consider the second, asking whether the witnesses and documents were identified in a supplemental disclosure pursuant to Rule 26(e). BLF did supplement its initial disclosures by disclosing Nieman and Gehmlich as trial witnesses and by disclosing the financial documents as exhibits. However, BLF did not make the disclosure until March 9, 2006, more than five months after the discovery cutoff date, and only one month prior to trial. The actual financial documents were not produced until March 17, 2006.

As this Court stated in *Depew v. Shopko Stores, Inc.*, 2006 WL 47357,

**Memorandum Decision and Order - 7**

which was attached to BLF's brief, the prejudice resulting from an "eve-of-trial" supplemental disclosure (after the close of discovery) is the same as if no disclosure whatsoever was made prior to trial. In both circumstances, the opposing party is put to the Hobson's choice of either flying blind on cross-examination or asking for a delay to conduct discovery. This is why the Advisory Committee Notes to Rule 26 states that the supplementation must be made "at appropriate intervals *during the discovery period* . . . ." (emphasis added).

In this case, the supplemental disclosure was filed five months after discovery had closed and just one month prior to trial. The Court therefore finds that Nieman, Gehmlich and the financial documents are subject to exclusion under Rule 37(c)(1) unless BLF can show either substantial justification or harmlessness.

BLF asserts that Nieman, Gehmlich and the financial documents were disclosed late in the litigation, when it became apparent that Crafton would argue to the jury that he competently performed as President of BLF. This case is, and always has been, a breach of employment contract matter. Crafton claims, and has claimed since he filed his Complaint, that BLF breached his employment contract by terminating him. It is well established that when an employee and employer enter into an employment contract for a term, the employer can discharge the employee prior to expiration of the term only if the employee has breached some

**Memorandum Decision and Order - 8**

contractual provision or has otherwise acted in a manner constituting good cause for his dismissal. *See Rosecrans v. Intermountain Soap and Chemical Co.*, 605 P.2d 963, 965 (Idaho 1980). Thus, Crafton's performance as President of BLF has always been an issue in this case. BLF's argument that it did not disclose Nieman, Gehmlich and the financial documents until late in the litigation when Crafton's competency became an issue is unpersuasive.

With respect to the financial documents, BLF also contends that the late disclosure is harmless because the information the documents portray was made known to Crafton during the depositions. This may suffice to allow witnesses to testify about the information the documents portray, but it is insufficient to allow BLF to enter the documents into evidence as exhibits. Accordingly, the Court will grant the motion to exclude Nieman and Gehmlich as witnesses and the financial documents as exhibits at trial.

## V. Witnesses Blaine Larsen, Brandon Larsen and Karen Clark

Crafton seeks to limit the testimony of Blaine Larsen, Brandon Larsen and Karen Clark to that testified to in their respective depositions. Crafton bases his argument on the fact that BLF indicated in its responses to interrogatories that these three witnesses would testify in accordance with their deposition testimony. Crafton therefore seeks to prevent the witnesses from testifying to matters

**Memorandum Decision and Order - 9**

disclosed in their trial summaries, but not testified to in deposition testimony.

At this point, the Court will not limit the testimony of Blaine Larsen, Brandon Larsen or Karen Clark. These witnesses were timely deposed by Crafton, and their trial summaries were timely disclosed.

## VI.   Miscellaneous Issues

Crafton moves the Court to preclude any testimony about "at will" and "right to work" employment in Idaho, evidence about actions taken by BLF after Crafton's termination, and evidence about a certain loan proposal from Wells Fargo Bank. At first glance Crafton's motion seems well taken and if the Court were compelled to make an immediate decision, the motion would be granted. However, it is difficult to resolve such issues in the abstract and the Court concludes that these issues are better left for resolution during trial. The Court will therefore reserve ruling as to these issues until the Court hears other testimony and argument during trial. However, the Court will instruct counsel that before they begin questioning a witness regarding these matters, they should make the Court aware, so that the Court and counsel can take the issue up at a sidebar if needed.

## VII.   Conclusion

In conclusion, the Court recognizes that the truncated nature of motions in limine may mean that the Court is unaware of important information regarding the

motions. The Court is not foreclosing any further argument on these motions during trial by either side. This decision represents the Court's view of the issues at this time and is subject to reconsideration at any time prior to a final judgment being issued.

Finally, it has become apparent to the Court that this is a hotly contested matter by both sides. The Court respects counsels' zealous representation of their clients. However, the Court will expect courtesy and professionalism by the parties and their attorneys toward the Court, the jurors and each other during the trial in this matter.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that Plaintiff's Motion in Limine for Exclusion of Witnesses and Exhibits (Docket No. 99), Plaintiff's Supplemental Motion in Limine for Exclusion of Witnesses and Exhibits (Docket No. 104), Plaintiff's Second Motion in Limine (Docket No. 121), Plaintiff's Supplemental Motion in Limine (Docket No. 125), and Plaintiff's Second Supplemental Motion in Limine (Docket No. 128) are GRANTED IN PART, DENIED IN PART, AND RESERVED IN PART in accordance with the above analysis.

**Memorandum Decision and Order - 11**

DATED: **April 7, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 12**