IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STAN E. CRAFTON, | ) | |
| | ) | Case No.  CV-04-383-E-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| BLAINE LARSEN FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court has before it Plaintiff's Petition for Award of Attorney Fees

(Docket No. 156) and Defendant's Petition for Award of Attorney Fees (Docket

No. 160).

## BACKGROUND

In July 2004, Plaintiff Stan Crafton filed a two count Complaint against

Blaine Larsen Farms, Inc. ("BLF").  Under Count One, Crafton sought damages in

the amount of $1,133.723.00 for breach of employment contract.  Alternatively,

under Count Two, Crafton sought damages in the amount of $389, 564.00 for

Crafton's severance benefits pursuant to his employment contract with BLF.[1]

---

[1] These were the amounts at the time of the summary judgment proceedings.
The amounts were later updated based on interest calculations.

**Memorandum Decision and Order - 1**

After the Court denied summary judgment, the case proceeded to a jury trial. During opening statements, counsel for Crafton indicated for the first time that Crafton was no longer pursuing Count One or the damages requested pursuant to that claim. The jury returned a verdict in favor of Crafton on Count Two in the amount of $401,651.47. Both parties now seek attorney fees.

## ANALYSIS

Idaho law governs the award of attorney fees in this matter because federal courts must follow state law as to attorney fees in diversity actions. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir.1978) (applying Idaho law). Pursuant to Idaho Code § 12-120(3), the prevailing party in this contract dispute is entitled to a reasonable attorney fee to be set by the Court. The parties agree to this statement of the law. The parties disagree, however, on which party is the prevailing party.

"The determination of whether a litigant is the prevailing party is committed to the discretion of the trial court." *Sanders v. Lankford*, 1 P.3d 823, 826 (Idaho 2000); see also I.R.C.P. 54(d)(1)(B). In Idaho, the governing legal standard on the prevailing party issue are provided by I.R.C.P. 54(d)(1)(B). "[T]here are three principal factors the trial court must consider when determining which party, if any, prevailed: (1) the final judgment or result obtained in relation to the relief

**Memorandum Decision and Order - 2**

sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues." *Id*.

This case presents a unique situation in that Crafton's Complaint consisted of two separate counts with potentially different theories of liability, but mutually exclusive remedies.  Count One alleged a breach of contract and sought the full range of contract damages typically associated with the breach of an employment contract.   In Count Two, Crafton alleged that his employment contract entitled him to a specified severance package if his employment was terminated by BLF, regardless of the reason for termination.  However, the Court determined during summary judgment proceedings, that the employment contract was ambiguous. Specifically, the Court determined that the language of the contract could be construed as meaning that Crafton was entitled to the severance package regardless of the reason for termination, but could also be construed to mean that Crafton only received the severance package if he was terminated without good cause.[2]

The different theories of liability also depended upon different factual and legal issues.  Count One focused upon BLF's conduct in terminating Crafton and

---

[2]  This issue was submitted to the jury.  The jury determined that the parties intended that Crafton would only receive the severance package if he was terminated without good cause.

**Memorandum Decision and Order - 3**

whether the termination breached the express or implied terms of the contract. Count Two focused on the parties' intentions in including the severance package language in the contract and on whether BLF terminated Crafton for good cause. Because they involved different legal and factual issues, they also required a different approach to discovery and motion practice.

The Court assumes, and the parties have not suggested otherwise, that discovery in the case involved the factual issues related to both Counts One and Two. Indeed, there was some overlap between those factual issues, so that the discovery on the two counts was, in all likelihood, inextricably intertwined. Likewise, both parties filed motions for summary judgment on legal and factual issues related to both counts. In some instances, the Court's ruling affected both counts. In other instances, the rulings were directed at a particular count.

On the first day of trial, Crafton elected, for the first time, to pursue only Count Two and to waive any claim under Count One. It seems clear that, at that point, BLF, and not Crafton, became the prevailing party on Count One. "In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005). However, the case proceeded to trial and the jury awarded Crafton $401,651.47 on Count Two. Clearly, at that

**Memorandum Decision and Order - 4**

point, Crafton, and not BLF, became the prevailing party on Count Two.

Applying the three factors set forth in *Sanders v. Lankford*, 1 P.3d at 826, the Court observes that: (1) the final judgment obtained by Crafton on Count Two was less than half the damages that Crafton sought and BLF avoided on Count One, (2) throughout all pre-trial proceedings and, indeed, up until opening statements of counsel, there were two legally and factually distinct legal claims, and (3) Crafton recovered the lesser of the alternate remedies he sought. Under these circumstances, the Court must conclude that with regard to fees incurred prior to the commencement of trial, both Crafton and BLF prevailed in part and lost in part. On the one hand, BLF litigated Count One for over a year and a half, up until the morning of trial, and ultimately avoided liability and a potentially large damages award on that count. On the other hand, Crafton aggressively litigated Count Two during the same time period, and came away with a substantial verdict on that count.

If the parties' submissions were sufficiently detailed to permit the Court to apportion fees between the two counts, the Court would award Crafton the pre-trial legal fees incurred on Count Two, and BLF the pre-trial legal fees incurred on Count One. However, neither party has attempted to break down their fee application in this manner. Indeed, the Court suspects that, given the intertwined

**Memorandum Decision and Order - 5**

nature of the legal and factual issues involved, it would be impossible to do so. For that reason, the Court concludes that neither party will be awarded their pre-trial fees or costs in this matter.

However, this inability to apportion fees is not an issue with regard to fees incurred during trial.  The case took on a completely different posture after Crafton dropped his claims under Count One.  At that point, only Count Two was at issue. The factual and legal issues on that count were distinct and no longer intertwined with the issues related to Count One.  Indeed, the Court recognized the changed posture of the case and encouraged counsel to spend some time trying to settle the case before the first witness was called to testify.  That effort was unsuccessful. Since Crafton was clearly the prevailing party on Count Two, he will be awarded his fees incurred at trial following the completion of opening statements, which the Court has determined to total $10,231.25.[3]

_____

[3] Attorney James Holman billed 56.25 hours of trial time.  11.00 of those hours were billed on the first day of trial.  Based on the Court's minute entry, it appears that opening statements were wrapped up approximately half way through the first day of trial.  Therefore, given the Court's decision to award Crafton his attorney fees following the completion of opening statements, Crafton will be awarded fees for 5.50 hours of Mr. Holman's time billed for the first day of trial. Thus, Mr. Holman's total trial hours will be reduced to 50.75.  Multiply 50.75 hours by Mr. Holman's reasonable hourly rate of $175.00, gives a total fee of $8,881.25.

Attorney Jason Wood billed 9.00 hours of trial time.  Although Mr. Wood's

**Memorandum Decision and Order - 6**

The same decision will govern the parties' costs bill.  BLF's cost bill will be denied, while Crafton's cost bill will be granted, but only to the extent that it requests costs incurred after the completion of opening statements.  Crafton will be awarded $30.00 in costs.[4]  Finally, given the overall outcome of the parties' petitions for costs and fees, no post-trial costs or fees are awarded to either party.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Petition for Award of Attorney Fees (Docket No. 156) shall be, and the same is hereby, GRANTED in part and DENIED in part.  Crafton is awarded $10,231.25 in attorney fees.

IT IS FURTHER ORDERED that Defendant's Petition for Award of Attorney Fees (Docket No. 160) shall be, and the same is hereby, DENIED.

---

billing statement indicates that he billed some of his time at $150.00 per hour and some of his time at $175.00 per hour, the affidavit of counsel in support of the motion for attorney fees states that $150.00 per hour is a reasonable and customary rate for Mr. Wood.  Accordingly, the Court will multiply Mr. Wood's 9.00 hours by $150.00, which equals $1,350.00.  Thus, Crafton will recover a total of $10,231.25 ($8,881.25 + $1,350.00) in attorney fees.

[4] Crafton is awarded $30.00 as a witness expense for witness Rob Thompson.  Crafton is not awarded costs incurred before and after trial.  Moreover, Crafton cannot recover milage costs for attorney travel to and from trial because he is already being compensated for attorney travel time.  Accordingly, Crafton will recover a total of $30.00 in costs.

**Memorandum Decision and Order - 7**

IT IS FURTHER ORDERED that Plaintiff's Bill of Costs (Docket No. 155) shall be, and the same is hereby, GRANTED in part and DENIED in part.  Crafton is awarded $30.00 in costs.

IT IS FURTHER ORDERED that Defendant's Bill of Costs (Docket No. 163) shall be, and the same is hereby, DENIED.

DATED:  **October 19, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 8**