IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| STAN E. CRAFTON, | ) | |
| | ) | Case No. CV-04-383-E-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM DECISION** |
| v. | ) | **AND ORDER** |
| | ) | |
| BLAINE LARSEN FARMS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Court has before it Plaintiff's Petition for Award of Post-Judgment

Attorney Fees (Docket No. 202).  The Court has determined that the decisional

process on these motions would not be significantly aided by oral argument.

Therefore, the Court will address the motions without a hearing.

## ANALYSIS

Idaho law governs the award of attorney fees in this matter.  *Interform Co. v.*

*Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978).  Relevant here is Idaho Code § 12-

120(5), which states as follows:

> In all instances where a party is entitled to reasonable
> attorney's fees and costs under subsection (1), (2), (3) or
> (4) of this section, such party shall also be entitled to
> reasonable postjudgment attorney's fees and costs
> incurred in attempting to collect on the judgment.  Such
> attorney's fees and costs shall be set by the court

**Memorandum Decision and Order - 1**

following the filing of a memorandum of attorney's fees
and costs with notice to all parties and hearing.

Idaho Code § 12-120(5).

Although the Court denied all requests for pre-trial attorney fees and costs,

the Court awarded Crafton his reasonable attorney fees and costs incurred during

trial in this matter pursuant to Idaho Code § 12-120(3).  (Docket No. 171).  Crafton

has therefore met Section 12-120(5)'s prerequisite, which requires that he be

entitled to reasonable attorney fees and costs under subsection (1), (2), (3) or (4) of

Idaho Code § 12-120.  Thus, Crafton is entitled to reasonable postjudgment

attorney's fees and costs incurred in attempting to collect on his judgment.  Idaho

Code § 12-120(5).[1]

Crafton seeks $20,573.75 in post-judgment fees.  Crafton's counsel filed a

declaration in support of the request for fees which includes a list of fees numbered

1-66.  A review of that list reveals that numbers 1–21 do not relate to services

"incurred in attempting to collect on the judgment."  Idaho Code § 120120(5).

Instead, they relate to the parties' earlier request for fees, which this Court already

addressed in its earlier decision.  (Docket No. 171).  Additionally, at least some

---

[1] Defendant's assertion that the fees incurred in collecting on the judgment were
unreasonable is not born out in the record.  Defendant opposed Crafton's various attempts to
secure the judgment, forcing otherwise unnecessary motions and hearings on the matter.  The
Court ultimately agreed with Crafton by denying Defendant's motion to stay proceedings to
enforce the judgment.  Thus, the fees incurred in collecting on the judgment were reasonable.

**Memorandum Decision and Order - 2**

portion of the services included in lines 52, 53 and 62 are unrelated to collecting on the judgment.[2]  Therefore, the Court will subtract the amount of fees requested in these entries from the final award.  Accordingly, the Court will award Crafton $11,733.75 in fees.[3]

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Petition for Award of Post-Judgment Attorney Fees (Docket No. 202) shall be, and the same is hereby, GRANTED in part and DENIED in part.  Defendant shall pay Crafton

---

[2] With respect to lines 52 and 62, the Court cannot determine from the entries how much time is attributable to collecting on the judgment and how much is attributable to the other matters listed in the entries.  Accordingly, the Court will deny these requests in their entirety.  With respect to line 53, the Court will deny the 1.00 hour related to the appeal.

[3] Based on the above findings, the Court subtracted 16.8 hours of Mr. Holman's time, 21.4 hours of Mr. Wood's time, and 5.2 hours of Mr. Wessel's time.  In turn, the Court subtracted $8,840.00 from the amount of fees requested (16.8 hours x $225.00 per hour = $3,780.00 for Mr. Holman; 21.4 hours x $200.00 per hour = $4,280.00 for Mr. Wood; and 5.2 hours x $150.00 per hour = $780.00 for Mr. Wessel).  Thus, the total award is $11,733.75 ($20,573.75 - $8,840.00 = $11,733.75).

**Memorandum Decision and Order - 3**

$11,733.75 in attorney fees.



DATED:  **March 24, 2008**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 4**